IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY GORDON,

        Plaintiff,

v.

CLAUDIO LARUMBE,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for
FFMLT Trust 2004-FF3, Mortgage
Pass-Through Certificates, Series
2004-FF3, OCWEN LOAN
SERVICING, LLC,
GS MORTGAGE SECURITIES
CORPORATION, MANHATTEN
MORTGAGE CORPORATION,
FIRST FRANKLIN LOAN TRUST,

        Defendants.

1:17-cv-00013-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2004-FF3, Mortgage-Pass Through Certificates, Series 2004-FF3's ("Deutsche Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") (together, the "Removing Defendants") Notice of Removal [1].

**I.     BACKGROUND**

In 1997, Plaintiff Mary Gordon ("Plaintiff") purchased real property located at 82 Bates Avenue, Atlanta, Georgia (the "Property").  (Compl. [1.1] at 3). Plaintiff alleges that the Property "was solely held in [P]laintiff's name until 2004, subject to a Note and Deed of Trust solely in [P]laintiff's name."  (Id. at 4).

In 1998, Plaintiff married Claudio Larumbe ("Larumbe") and, she alleges, the Property "thereafter was treated as jointly held and owned."  (Id. at 3).

In 2004, Plaintiff "intended to refinance [the mortgage]" on the Property. (Id. at 4).  Plaintiff alleges that the "new note and mortgage called for the title holder under the warranty deed to be Claudio Larumbe, only as of 2004.  Plaintiff was not obligated under the refinance agreement."  (Id.).  Repayment of the refinanced loan was secured by a deed ("Security Deed") to the Property. Larumbe executed the Security Deed in favor of First Franklin Financial Corp. ("First Franklin").  (Security Deed [1.3] at 1-3).  Plaintiff is not a party to the Security Deed.

In 2006, Larumbe again refinanced the mortgage "as the exclusive note holder under warranty deed, excluding again [P]laintiff Gordon from title or

obligation." (Compl. at 19).[1]  Plaintiff does not identify the lender or servicer of the refinanced loan.

Plaintiff and Larumbe later divorced.  On August 15, 2006, Plaintiff and Larumbe executed a Marital Settlement Agreement "calling for [Plaintiff] to take ownership, and payment duties and obligations under the Note and [S]ecurity [Deed]."  (Id. at 19-20).  Plaintiff and Larumbe agreed that Plaintiff "thereafter would become the obligor under the existing Note and mortgage in place of Larumbe who . . . divested himself of all title ownership and duties under the Note and Mortgage in place and instead assigning and transferring those rights to [Plaintiff]."  (Id. at 4).  The Marital Settlement Agreement was approved by the Superior Court of DeKalb County, Georgia.  (Id. at 20).

Plaintiff asserts that "final payment [on the mortgage for the Property] was tendered by [Plaintiff] in or about July, 2007 when the final payoff was tendered to J.P. Morgan Chase Bank, N.A., who acknowledged the payment was received and credited in its books and records and by letter to [P]laintiff Gordon dated on or about July 15, 2007."  (Id. at 5-6).  Plaintiff alleges, however, that beginning in

---

[1]   Plaintiff does not allege, and there does not appear to be, a separate security deed for the Property recorded in connection with the alleged 2006 refinance.

3

2012, Deutsche Bank[2] claimed that Plaintiff "was in arrears thousands of dollars, which she was not." (Id. at 6).

On October 17, 2016, Plaintiff, a citizen of Georgia, proceeding *pro* se, filed her Complaint in the Superior Court of DeKalb County, Georgia. Plaintiff asserts state-law claims for breach of contract, breach of the duty of good faith and fair dealing, fraud and deceit, demand for accounting, quiet title, specific performance, and negligence against Larumbe, the Removing Defendants, GS Mortgage Securities Corporation, Manhatten Mortgage Corporation and First Franklin (collectively, "Defendants"). Plaintiff also asserts against Deutsche Bank and Larumbe a claim for specific performance to enforce the Marital Settlement Agreement and declare Plaintiff "the true title holder of the [P]roperty and no one else." (Id. at 20). Plaintiff seeks, among others, to "reform all deeds in favor of Plaintiff's name" and to quiet title to the Property. (Id. at 23).

On January 3, 2017, Deutsche Bank and Ocwen removed the DeKalb County action to this Court based on diversity jurisdiction. They assert that complete diversity exists among the parties because Larumbe, the only in-state defendant, was fraudulently joined to defeat federal subject matter jurisdiction. (Notice of Removal [1] ¶¶ 11-13).

---

[2]  The basis for Deutsche Bank's claimed interest in the mortgage is not clear.

**II.    DISCUSSION**

   A.    Subject Matter Jurisdiction

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

Here, Plaintiff's Complaint asserts only state-law claims and the Court could have only diversity jurisdiction over the action. The Removing Defendants assert that there is complete diversity in this action because Larumbe, even though he shares Georgia citizenship with Plaintiff, was fraudulently joined to defeat federal subject-matter jurisdiction because "Plaintiff is not seeking any relief against Larumbe but is instead, attempting to cancel Deutsche Bank's secured interest in the Property."  (Notice of Removal ¶¶ 11-13).

The Court disagrees. The Eleventh Circuit has stated:

> When alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  We have emphasized that the burden on the removing party is a heavy one.  The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff.  *If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court.*  Thus, when considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.

Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) (internal quotations and citations omitted) (emphasis added).

6

In Count Five, Plaintiff asserts a claim to quiet title to the Property, including to have the Security Deed cancelled. It is well-settled that the essential parties to a quiet title action include the grantor and grantee of the deed or instrument sought to be cancelled. See Maxco, Inc. v. Volpe, 274 S.E.2d 561, 564-65 (Ga. 1981); Planters Cotton Oil Co. v. McCurley, 33 S.E.2d 270, 271 (Ga. 1945) ("The essential result sought in the petition [brought by Sula McCurley] is the cancellation of H.W. McCurley's deed to the Planters Cotton Oil Company as a cloud on [Sula McCurley's] title. In such a case, the grantor [H.W. McCurley] as well as the grantee [Planters Cotton] is an essential party."). Because Larumbe is the grantor under the Security Deed, Larumbe is required to be a party to this action. See Maxco, 274 S.E.2d at 564-65; Planters Cotton Oil, 33 S.E.2d at 271. The Removing Defendants fail to show that there is no possibility that a Georgia state court could find that Plaintiff adequately pleaded a viable claim against Larumbe. Complete diversity does not exist among the parties and the Court lacks subject matter jurisdiction over Plaintiff's Complaint. This action is required to be remanded to the Superior Court of DeKalb County. See 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of DeKalb County, Georgia.

**SO ORDERED** this 21st day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE